KIRK JOHNSON ET AL., PLAINTIFFS BELOW, DEFENDANTS IN ERROR, v. JAMES H. MASON, DEFENDANT BELOW, PLAINTIFF IN ERROR.

Argued December 8, 1899—Decided March 5, 1900.

1. When a bond is given by a defendant in replevin under the ninth and tenth sections of the Replevin act, the only judgment that can be rendered on the trial is a judgment for the value of the goods and damages for their detention

2. Upon such judgment the plaintiff in replevin may issue execution against the defendant or sue upon the replevin bond, or proceed under section 26 of the Replevin act. The defendant cannot return the goods in satisfaction of the judgment.

3. If suit is brought against the surety upon the replevin bond he may prove, in discharge of his liability, that he has complied with his contract by offering to return the goods in accordance with the condition of the bond.

On error.

This cause was tried at the Atlantic Circuit Court at the September Term, 1899, before Mr. Justice Ludlow and a jury, and a verdict directed in favor of the plaintiffs.

For the plaintiff in error, *Thompson & Cole.*

For the defendants in error, *Robert E. Stephany.*

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant Mason was surety to the plaintiffs, who were also plaintiffs in replevin on a replevin bond given by the defendant in replevin under section 9 of the Replevin act. *Gen. Stat., p.* 2772.

Upon the trial of the replevin suit the plaintiffs obtained a judgment for $272.68 against the defendant in replevin.

It does not appear that any execution was issued upon that judgment.

The plaintiffs in replevin brought this suit against Mason, the surety upon the replevin bond.

The defendant moved on the trial to nonsuit because the plaintiffs showed no breach of the condition of the bond, and that motion being overruled, the surety offered to show that he had complied with the condition of his bond by offering to return the goods replevined in as good condition as when they were replevined.

This offer was also overruled and judgment was directed for the plaintiffs in replevin for the amount of the judgment previously recovered against the defendant in replevin.

Error is assigned upon these rulings of the trial court.

The condition of the replevin bond was that the goods should be delivered to the plaintiffs in as good condition as they were at the time the defendant claimed them, if the same should be adjudged to the plaintiffs in replevin. Section 9 of Replevin act.

Then section 10 provides that the goods shall be delivered to defendant in replevin, and the suit then proceeded with, and if the plaintiff recovers, the jury shall find the value of the goods and the damages of the plaintiff, and the plaintiff shall have judgment for the value of the goods, and for damages for the detention.

Section 10 further provides that upon such judgment the plaintiff, in addition to his remedy on the bond, may have execution against the defendant in replevin for the amount of the judgment.

Thus it appears that in such suit the plaintiff, if he succeeds, must take judgment against the defendant in replevin for the value of the goods and damages as found by the jury; he cannot in that suit take any other judgment.

But section 10 expressly provides that after he has taken such judgment he may still proceed on the replevin bond against the surety.

That this remedy is cumulative also appears from section 26 of the Replevin act, under which the plaintiff may apply to the trial court for an order upon the defendant to restore the goods to him.

Suit, therefore, clearly lies in this case on the replevin bond against the surety, but in the suit on that bond the plaintiff cannot recover without showing a breach of its condition. The surety had not before been in court, and he could be bound only by his contract as stated in the condition of his bond.

That condition, as before stated, was that he would deliver the goods to the plaintiffs in as good condition as when defendant in replevin claimed them, if the same should be adjudged to the plaintiffs.

The condition was not that if a return of the goods be ad-

judged, but if the goods be adjudged to the plaintiffs—that is, if the result of the suit should be the finding that the title to the goods is in the plaintiffs.

In this case the finding of the verdict for the value of the goods for the plaintiffs necessarily carried with it a finding that the goods belonged to the plaintiffs, otherwise they could not have the verdict. Such finding must precede the verdict.

If there must be an express judgment that the goods belong to plaintiff, the bond would be nugatory, for no such express judgment is authorized by the statute or can be rendered.

A construction of the statute cannot be accepted which leads to the result that the lawmaker has enabled the defendant in replevin to retain the plaintiffs' goods by giving a bond which can under no circumstances be enforced against the surety.

The surety is liable upon his bond according to its condition, but he had the right to show performance of the condition, and it was error in the trial court to refuse to permit him to show an offer to return the goods.

The opinion of Chief Justice Beasley, in *Field* v. *Post*, 9 *Vroom* 346, is not to the contrary. He there considered merely the right of the plaintiff in replevin as against the defendant in replevin. He was reviewing the replevin suit to which the surety on the bond was not a party, and he properly held that the plaintiff could have execution against the defendant in replevin for the value of the goods and damages found by the verdict and judgment, or that he could sue upon the bond, but the defendant in replevin had no right to return the goods in satisfaction of the judgment. The liability of the surety, when suit is instituted on the replevin bond, was not involved or discussed in that case.

The judgment below should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.   12.