THE FORT WAYNE ELECTRIC CORPORATION (FOR THE
USE OF JOHN L. BURLEIGH), PLAINTIFF IN ERROR,
v. THE SECURITY TRUST AND SAFE DEPOSIT COM-
PANY, DEFENDANT IN ERROR.

Argued June 21, 1900—Decided November 19, 1900.

1. In an action of replevin by the plaintiff in this case against F. C.,
   the said F. C. gave bond as required by the ninth section of the
   Replevin act with the Security Trust and Safe Deposit Company
   as surety. The case proceeded to trial under the tenth section of
   the Replevin act, and resulted in a verdict for plaintiff for the
   value of the goods replevined. The goods were not returned or
   offered to be returned to the plaintiff. *Held*, that suit will lie
   against the surety on the replevin bond.
2. The suit is properly brought for the use of Burleigh. *Harrison* v.
   *Maxwell*, 15 *Vroom* 316, distinguished.

On error to the Supreme Court. Tried at the September
Term, 1899, by the Camden Circuit, before Mr. Justice Gar-
rison (a jury being waived).

For the plaintiff in error, *David J. Pancoast.*

For the defendant in error, *Robert H. McCarter* and
*Samuel H. Grey,* attorney-general.

The opinion of the court was delivered by

VAN SYCKEL, J. An action of replevin was brought by
the Fort Wayne Company against the Franklin Electric
Light Company.

The sheriff of Cape May county, by virtue of the writ of
replevin, seized the goods in the possession of the defendant,
whereupon the defendant gave the statutory bond required by
the ninth section of the Replevin act, with the Security Trust
and Safe Deposit Company as surety, and retained the goods
so seized.

The case proceeded to trial in accordance with the tenth

section of the Replevin act, and resulted in a verdict for $12,518.16 (the value of the goods) for the plaintiff, upon which judgment was entered for the plaintiff in replevin. The goods replevined were not returned or offered to be returned to the plaintiff.

This suit is brought against the surety on the replevin bond. At the trial the court ruled that the plaintiff could not maintain its action against the surety, because the recovery of the judgment for the value of the goods in the replevin suit operated as a waiver and release of the plaintiff's right to proceed against the defendant as surety on the replevin bond.

In speaking of the action of replevin at common law, Chief Justice Ewing, in *Bruen* v. *Ogden,* 6 *Halst,* 370, 374, said: "The action of replevin at the outset restores the possession of the property, and in the conclusion affords a recompense in damages for the wrongful deprivation. While, on the other hand, if he who has taken the goods claims property in them, they are not restored, nor the writ of replevin executed until this claim of property is first tried and determined."

Chief Justice Green reiterates this statement of the law in *Frazier* v. *Fredericks,* 4 *Zab.* 162, and says that the seventh and eighth sections of the Replevin act (*Rev. Stat., p.* 116) were passed to remove that difficulty by leaving the property in the hands of the defendant upon his giving bond for its forthcoming, and directing the suit to proceed as if the claim of property had not been made by the defendant.

He held that the provision of the eighth section "that the suit shall be proceeded in and determined in the same manner in all respects as if the claim of property had not been made," required the jury to include in the verdict the value of the property as well as the damages for the detention, and that the bond for the return of the property was designed as a security, and afforded a cumulative remedy.

The seventh section of the Replevin act, as contained in *Rev. Stat., p.* 116, is now the ninth section of our Replevin act, and the eighth section is now the tenth section, with

the amendment that the jury shall find the value of the goods and chattels and the damages, and that the plaintiff shall have judgment therefor, in addition to his remedy on the replevin bond. This reference shows that expression was given in the statute to the construction which was given by Chief Justice Green in Frazier *v.* Fredericks to the eighth section of the act as contained in the revised statutes.

This view of the law was adhered to in the recent opinion of this court in *Johnson* v. *Mason,* 35 *Vroom* 258, where it is held that when a bond is given by a defendant in replevin under the ninth and tenth sections of the Replevin act, the only judgment that can be rendered on the trial is a judgment for the value of the goods and damages for their detention, and that thereafter the plaintiff might sue the surety on the replevin bond, the remedy being cumulative.

The trial justice was therefore clearly in error in holding that the recovery of the judgment in replevin for the value of the goods amounted to a waiver and release of the plaintiff's right to proceed against the surety on the bond.

The recital in the judgment record that the plaintiff in replevin, on the trial of the replevin suit, announced openly in court its waiver of its right to a verdict awarding a return of the goods and chattels mentioned in the declaration, and its election to take a verdict for their value, cannot in anywise effect the suit against the surety on the replevin bond, because the law required a verdict to be rendered for the value of the goods, and the jury could not lawfully, by its verdict, award a return of the goods to the plaintiff, and there could not lawfully be a judgment in the trial court awarding a return of said goods and chattels to the plaintiff in replevin.

The objection that the suit on the bond is for the use of John J. Burleigh, and must therefore be regarded as a suit strictly in his name, cannot prevail.

In *Harrison* v. *Maxwell,* 15 *Vroom* 316, the suit on the bond was under the seventh section of the Replevin act which authorizes the assignment of the bond to the defendant in replevin, and a suit by defendant thereon in his own name. There was not an assignment to the defendant, and

the suit was not in the name of the defendant, and consequently it was held that the action would not lie.

In this case the bond is assigned to the plaintiff in replevin, and the suit is in the name of the plaintiff in replevin.

The fact that the plaintiff has given Burleigh the right to appropriate to his own use such sum as shall be recovered in the suit against the surety cannot deprive the plaintiff of the right to recover, nor does it in anywise prejudice the surety. The court regards the person for whose use the suit is brought only so far as to protect him against any want of good faith on the part of his assignor, who is the real plaintiff.

The judgment below should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, BOGERT, HENDRICKSON, VREDENBURGH, VOORHEES. 10.