MARIE MASTERS v. SCOTT CHAMPION ET AL.

Submitted December 6, 1906—Decided February 25, 1907.

1. In an action for tort against a constable for removing and carrying away certain lumber sold by him at constable's sale, under execution issued out of a justice's court, as the property of the defendants in execution, it appearing that the plaintiff had delivered to the constable before the day of sale a written notice claiming the property to be hers and not the property of the defendants in execution, the constable adjourned the sale for ten days; that plaintiff had failed to apply to have her right tried pursuant to section 62 of the Small Cause Courts act (*Pamph. L.* 1903, *p.* 251), and that thereupon the constable made sale of the property pursuant to the adjournment. It was *held*, following *Van Marter* v. *Lucas*, 35 *Vroom* 182, that the plaintiff had no right of action against the constable, and the judgment below in favor of the defendants was affirmed.

2. *Held, also*, that the fact that the goods levied on were in possession of the plaintiff, and that the constable had not taken manual possession thereof at the time of the levy, did not take the case out of the rule laid down in Van Marter v. Lucas.

3. *Held, also*, that the fact that the notice in writing was delivered to the constable by the plaintiff on Sunday did not relieve the plaintiff from the effect of the rule therein laid down, it also appearing that the notice was prepared and signed on Saturday, and was not acted upon by the constable until the Monday following.

On appeal.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the appellant, *John J. Crandall.*

For the appellees, *Albert C. Abbott* and *Joseph E. P. Abbott.*

The opinion of the court was delivered by

HENDRICKSON, J. This is an appeal which brings up for review a judgment in favor of the defendants rendered in the District Court of Atlantic City. The action was tort, for

entering the close of the plaintiff and the seizing and carrying away a lot of cedar and other lumber of the plaintiff valued at $300. The state of the case shows that the supposed trespass was committed by the defendant Scott Champion, who, as constable, had sold the lumber at constable's sale, and by the other defendants, who were purchasers thereat. The defence was that the constable had duly levied upon the lumber under execution issued out of a justice's court in favor of certain judgment creditors as the property of one McCauley and the Keystone Lumber Company; that the constable having advertised the lumber for sale, the plaintiff delivered to the constable a notice in writing, signed by herself, that the goods so levied on were not the property of said McCauley and the lumber company, but were her property, describing the goods as in the levy; that thereupon the constable, on the day of sale, adjourned the same for ten days, and posted notice thereof, and that the plaintiff wholly failed to cause a jury to be summoned to make inquisition of the right of property pursuant to section 62 of the Small Cause Courts act (*Rev., Pamph. L.* 1903, *p.* 251), and that thereupon the constable, on the adjourned day, sold said lumber in parcels to the several defendants, who removed the same as aforesaid; that upon these facts being established by the evidence, the judge of the District Court adjudged that the plaintiff was estopped from any recovery of damages, and rendered the judgment complained of. It would seem to us that the decision by this court in *Van Marter* v. *Lucas,* 35 *Vroom* 182, must control our decision in this case and lead to an affirmance. But it is contended for the appellant that the present case is distinguishable. The contention is that the state of the case shows the lumber to have been in the plaintiff's possession; that she at once informed the constable that it was her property and not the property of the defendants in execution, and being informed that a verbal notice to the constable was not enough, and she must notify the constable in writing, she thereupon prepared the written notice and handed it to the constable, supposing she had done enough to protect her property. The contention is that the property,

being in the plaintiff's possession, the constable could not be deemed to be acting under the first clause of section 62 of the Small Cause Courts act. The case does show the facts here suggested, but manifestly the operation of section 62 is not confined to cases where the constable shall have taken manual possession of the goods. The language is: "In all cases where any constable shall, by virtue of any writ of execution," &c., "levy on, attach or take into his possession any goods," &c.

We think there is nothing in this point that can relieve the appellant. The only other point urged is that the plaintiff's notice in writing, although prepared and signed on Saturday, was handed by her to the constable the next day, which was Sunday; that the notice and service constituted a single act, which was void and nugatory under the Vice and Immorality act (*Gen. Stat., p.* 3707) ; that no estoppel can be predicated upon the plaintiff's act, and that defence must fail for that reason. Whether the appellant can now be heard to take advantage of her own act in delivering the notice on Sunday we do not deem it necessary to decide.

It should be observed that section 62 does not require the notice to be served upon the constable. The words are, "by notice in writing delivered to said constable;" and further, that the constable did not act upon the notice on Sunday, but on the following day, when he adjourned the sale. Obviously the notice in writing, drawn and signed as it was on Saturday, was a perfectly valid one, and the mere fact that the plaintiff on Sunday handed the notice to the constable, who retained the same until Monday before acting upon it, can in nowise relieve the plaintiff from her statutory duty to pursue the requirements of section 62 and have her right tried within ten days after the adjournment.

The result is that the judgment below must be affirmed, with costs.