LEMBECK & BETZ BREWING COMPANY, PLAINTIFF-AP-
PELLANT, v. MALACHI TARRANT, DEFENDANT-AP-
PELLEE.

Submitted December 3, 1909—Decided February 21, 1910.

In replevin, if after execution of the writ by the sheriff, the defendant makes a claim of property and by rebonding resumes possession, he cannot thereafter tender the goods to plaintiff in lieu of their value and damages.

---

On appeal from District Court.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the appellant, *D. E. Blankenhorn.*

For the appellee, *Douglass D. T. Story.*

The opinion of the court was delivered by

PARKER, J.    This was a suit of replevin.    The plaintiff gave bond and the sheriff took the goods into possession, but within the statutory time the defendant served a claim of title and rebonded.    Before the trial, however, the defend-

ant made two offers to the plaintiff to return the goods and pay the costs, both of which offers the plaintiff refused. At the trial the defendant admitted the plaintiff's title. The plaintiff admitted that the two tenders had been made, and gave evidence of the value of the goods; whereupon the defendant moved the court for a nonsuit, which was granted, to take effect after a further tender by defendant, and in case of the plaintiff again refusing to receive the goods. Such tender was accordingly made and refused, and judgment of nonsuit entered.

The plaintiff's position is that the nonsuit should have been denied, and that after opportunity to the defendant to show on his part the value of the goods, the plaintiff was entitled to a judgment for such value as found by the court, notwithstanding defendant's offers to return.

We think this position of the plaintiff is correct. While it is true that the defendant's bond, according to the form laid down in the statute, is conditioned for a return of the goods, if a return thereof should be awarded, yet the statute, section 127 of the District Court act of 1898 (*Pamph. L., p.* 556), provides that when the property is redelivered to the defendant pursuant to his claim and bond, the suit shall be proceeded with and determined in the same manner and in all respects as if such claim of property had not been made, and if plaintiff recover, the court or jury, if there be a jury, shall find the value of the goods and chattels as well as the damages of the plaintiff, and the plaintiff shall have judgment thereon in damages as well as for the value of the goods and chattels as for taking and detaining them. The section goes on to say that upon such judgment the plaintiff, besides his remedy on the bond, may have execution against the goods and chattels of the defendant in replevin, and for want of such goods and chattels against the body. This statute is identical in all substantial respects with section 10 of the Replevin act (*Gen. Stat., p.* 2772) ; and we think the meaning of the law is clear. Up to the time of making his claim of property and rebonding, the defendant has his election whether to leave the goods

in the plaintiff's possession and recover his damages for their value, if the plaintiff fail in his suit, or to get back possession of the goods by claim and counter bond; but after he has chosen the latter course he cannot force the plaintiff to take the goods. After the defendant has rebonded the option of claiming damages or a return of the goods lies under our statute with the plaintiff. *Gen. Stat.*, tit. *"Replevin,"* § 26; *District Court act of* 1898, § 138. In *Field* v. *Post,* 9 *Vroom* 346, the defendant having rebonded, claimed that the judgment to the plaintiff must be for a return or for the value of the goods in the alternative, and damages, so that he might make return in satisfaction of the value. But it was held that the plaintiff was entitled to have the value of the goods embraced in the damages, and that such judgment for damages was absolute and there could be no return of the goods in its discharge.

The question whether in such a case the defendant at his option could make a return pending suit, was not raised or decided, but we think, in view of the language of section 127 and section 138, that by making a claim of property and giving a counter bond, the defendant makes his election to stand on his right to the goods, if any he has, and thereby puts the plaintiff to his election whether to recover the value of the goods and damages, or the goods themselves; but that the defendant, having made his election, must abide by it. It follows that the judgment of the District Court in recognizing and permitting a tender of the goods in the present case and in awarding a nonsuit, was erroneous and must be reversed.