JOHN NELSON v. GEORGE L. BOCK, CECELIA D. BOCK AND
     THE COMMUNIPAW MOTOR CAR COMPANY.

Submitted December 6, 1912—Decided March 5, 1913.

1. In replevin, where the goods are retaken by the defendant and
   the judgment, if for plaintiff, is by statute for the value of the
   goods and damages for detention, separate findings of value and
   damages are not required, but both items are properly included
   in one verdict.
2. Possession of personal property is *prima facie* evidence of title
   thereto.
3. A document attested by a subscribing witness must be ·proved
   by the testimony of such witness, unless it appear that this tes-
   timony is unavailable.
4. When a claim of property in chattels served under legal process
   is made pursuant to section 190 of the District Court act, and
   not followed up by a demand for jury and trial pursuant thereto,
   and such chattels are subsequently sold under such process, the
   officer is exempt from action for taking and selling the goods,
   but the exemption does not preclude an action by the claimant
   against the purchaser at the judicial sale or any other person
   subsequently found in possession of the property.

On appeal from District Court.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *Frank G. Turner.*

For the defendants, *Traverse A. Spraggins* and *Eugene R. Hayne.*

The opinion of the court was delivered by

PARKER, J.   This was a replevin suit.   The property was
taken under the writ and the defendants rebonded and
thereby secured its return.   The result of this was to turn
the suit into an action of damages for the value of the
property or for the return of the goods to the plaintiff at the
option of the plaintiff.   *Lembeck & Betz Brewing Co.* v. *Tar-*
*rant,* 50 *Vroom* 372.

It appeared that the goods claimed, consisting of an automobile and some office furniture, had been levied on by a constable under a District Court execution as the property of the Communipaw Motor Car Company at its place of business, and after due advertisement were sold, the furniture to one Moore, who by his bill of sale transferred it to plaintiff, Nelson, and the automobile to Nelson at the constable's sale.

At the trial of that replevin suit the defendant Cecelia Bock claimed to be the owner of the property, but her claim was disallowed and certain evidence in support of it overruled and a judgment given for plaintiff in the sum of $300.

The first ground of appeal is that the District Court was without jurisdiction to try the action because the defendant George L. Bock at the time of the trial was a bankrupt. It suffices to say that there was absolutely no proof of this in the case, and the mere assertion of the fact by counsel at the trial was properly disregarded by the court.

The next point is that the judgment is in violation of section 127 of the District Court act, in that the court did not find the value of the goods and chattels as well as the damages of the plaintiff and render a judgment in damages as well as for the value of the goods and chattels as for taking and detaining them. This objection is without substance. The claim seems to be that the judgment should specify how much is awarded for the value of the goods and how much for the detention. But we see no reason for holding that these items should be separated in the judgment any more than that the jury, in an action in debt, should return a verdict specifying how much is awarded for the principal of the debt and how much for the interest thereon. The statute is intended to prescribe the elements of which the total of the judgment is composed, not to require a specification of those elements in the judgment.

The point that the judgment is against the weight of evidence is of course not one to be considered in this court, if there is any evidence to support the judgment, as in our opinion there was. The possession of the property by the Communipaw Motor Car Company was *prima facie* evidence

of the title of that company. *Wigm. Ev.,* § 2515. That *prima facie* title was apparently transferred by the constable at the sale under execution and levy, which were properly proved, and then passed to the plaintiff, Nelson. The finding of the court on the question of property, therefore, cannot be disturbed. This also covers the fourth point urged in the brief.

The fifth point challenges an alleged ruling of the trial court on evidence, to which we are not cited by the brief, and which we have been unable to find on examination of the case. It may be well to add, irrespective of the alleged ruling of the court, that there was other competent evidence which will be sufficient to support the finding of the court.

The sixth point is that the court refused to receive evidence as to the execution of the bill of sale by the Communipaw Motor Car Company to the defendant Cecelia Bock. This refusal was manifestly proper, in view of the fact that the bill of sale had a subscribing witness and the subscribing witness was not produced, and no proof was made that indicated that such witness could not be obtained. *Corlies* v. *Van Note,* 1 *Harr.* 324, 329; *Worman* v. *Seybert,* 49 *Vroom* 176; *Boyle* v. *Knauss,* 52 *Id.* 330, 335.

Upon the last point, however, the judgment must be reversed. The defendant Cecelia Bock was sworn and was asked whether at the time of the levy she was the owner of the property. This was objected to and excluded on the ground that after the levy Mrs. Bock had filed with the constable a claim of property pursuant to section 190 of the District Court act (*Comp. Stat., p.* 2008, § 190), and had failed to follow it up by applying for a jury trial, and that therefore she was estopped from setting up ownership of the property in the replevin suit. This ruling of the District Court was in our judgment erroneous. The statute in question reads as follows:

"In all cases where any constable or sergeant-at-arms shall by virtue of any writ of execution or attachment issuing out of any district court, levy on, attach or take into his possession any goods or chattels which shall be claimed by notice in

writing, delivered to said constable by any other person than
the judgment debtor, he shall, immediately upon such claim,
delay his sale of the same ten days, that the said claimant
may within the said time, apply to the judge of such court
for a *venire* to summon a jury of six lawful men as jurors to
try the right of such claimant to such property; and it shall
be lawful for such judge to order a *venire* to issue the same
and direct a return thereof to be made and to proceed therein
as in other cases of trial by jury, but the claimant shall, in all
cases, give two days' notice in writing to the judgment
creditor of the time and place of the said trial; but if the
claimant shall not within ten days, apply to said court and
have his right tried as aforesaid, the said claim shall be con-
sidered abandoned and the constable shall proceed as if it had
not been made and shall not be liable in any action therefor
thereafter."

A similar provision is found in section 62 of the Justice
Court act (*Comp. Stat.*, *p.* 2999), except that the latter sec-
tion does not contain the words "and shall not be liable in
any action therefor thereafter." The section of the Justice
Court act was considered in the case of *Berry v. Chamberlain,*
24 *Vroom* 463. In that case there had been a trial on the
claim of property and a verdict against the claimant and this
was held conclusive so as to bar the claimant, from any action
against the purchaser under the execution.

Chief Justice Beasley remarked on page 468:

"The claimant has the option of presenting his claim or to
vindicate his rights of property by an action of replevin or in
trespass *de bonis asportatis;* plaintiff in execution may give
bond and delay a sale under his execution and thus leave the
question of title for trial to the ordinary tribunals. But the
parties can waive such rights and at their option accept the
easier method of litigation proffered by the legislature, and
in such event the rule applies, *volenti non fit injuria.*"

In *Van Marter v. Lucas,* 35 *Vroom* 182, a claim of prop-
erty was filed, but no trial was demanded and the constable
proceeded to sell after waiting for the statutory time. After
the sale the claimant sued the constable in tort and recovered

a judgment for the value of the property. Judgment was reversed in this court on the ground that the constable was protected by the statute, the court holding that "if within ten days after service of the statutory claim the claimant takes no action in vindication of his right and the officer proceeds to sell in reliance upon the implied abandonment of the claim, he is exonerated from responsibility in tort to the claimant."

In *Masters* v. *Champion*, 45 *Vroom* 323, a similar state of facts existed and the court followed the ruling in Van Marter *v.* Lucas. The case was carried to the Court of Errors and Appeals and is reported in 46 *Id.* 768. On page 770 Chancellor Pitney, writing the opinion of the court, remarked, "whether the estoppel inures to the benefit of purchasers at the constable's sale, or of any person other than the plaintiff himself, is a question not presented by the assignments of error, and therefore not decided. In *Berry* v. *Chamberlain*, 24 *Id.* 463, the Supreme Court held that where under a claim of property the right of property is tried, the verdict is conclusive for all purposes as between the claimant and the plaintiff in execution. So far as we are reminded, this question has not yet been passed upon by this court."

Nor do we find any case in which it has been passed upon by the Supreme Court. The object of the statute, however, appears to be fairly clear. It is intended for the protection of the claimant by enabling him through the service of claim of property in due form to secure a reasonable delay of the sale and a right, if he chooses to exercise that right, of trying the title before a jury in a summary way; and it is intended for the protection of the constable in case the claim is not followed up by a trial, by barring in such case any action after the sale as against the constable. But we find nothing, either expressly or by implication, in the act which is intended to preclude the claimant from bringing an action against others than the constable for the recovery of the property or its value.

The fundamental rule in this state with respect to judicial sales under execution is that the purchaser takes such title

as the officer is in a position to convey by virtue of the proceedings; and the doctrine of *caveat emptor* applies in full force, and the invariable practice in such sales is to offer simply the right, title and interest of the defendant in execution.

Under these circumstances, to say that the act of a claimant to the property in formally asserting that claim by notice served on the officer is to have the effect, in cases where the right of property has not been subsequently tried out before a jury, of barring the assertion of the claim not only as against the officer but as against any other person found subsequently in possession of the property, is in our view stretching the statute far beyond its plain intent. We deem it competent for such claimant, whether plaintiff or defendant, in an action for replevin or trespass, to set up his claim as against any other person but the officer that made the sale. Consequently the trial court was in error in excluding the testimony of Mrs. Bock as to her ownership, and for this reason the judgment must be reversed and a new trial had.