HALLET & DAVIS PIANO COMPANY, A CORPORATION, AS-
SIGNEE OF S. Z. MARKS, PLAINTIFF-APPELLANT, v.
LULU B. ROE, DEFENDANT-APPELLEE.

Argued November 8, 1912—Decided September 24, 1913.

1. A piano was sold by the plaintiff's assignor to the defendant.
It was to be paid for in installments.  The contract contained
these clauses: "It is further agreed that the said piano shall
remain the property of said Marks (plaintiff's assignor) until
each and every of the above amounts and interest thereon shall
be paid in full."  "It is further agreed that if the said sub-
scriber shall neglect to pay any of the above installments at
maturity said Marks shall have the right to declare the remain-
ing installments due and payable at once, and in that case may
enter, &c., and take the same into his possession, in which event
it is expressly agreed that all money paid under this contract
shall belong to said Marks as liquidated damages," &c.  The
defendant paid in full for the piano but the installments were
*not paid at maturity so that there was a small balance for in-*
terest due to the plaintiff.  The plaintiff made a demand for
balance due which was refused and then brought an action in
replevin for the piano.  *Held* (1) that Marks having failed to
avail himself of the forfeiture clause by permitting the defendant
to retain possession of the piano after her failure to pay the
installments in the manner agreed upon in the contract, and also
after she had paid all the installments, but was still owing
some interest thereon, thereby waived his right to possession
of the piano.
2. That the right to possession of the piano by the defendant was
not terminated by a demand for balance due and defendant's
refusal to pay.
3. In the absence of proof of prior demand for the amount of
interest due, and refusal to pay, the plaintiff was not entitled
to enforce a forfeiture and recover possession of the piano for
defendant's alleged breach of contract.
4. General ownership of a chattel is not sufficient to sustain re-
plevin, without proof that the plaintiff is entitled to immediate
possession.

On appeal from the District Court of Paterson.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the appellant, *Charles M. Mason.*

For the appellee, *Barbour & Van Der Clock.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff-appellant, assignee of S. Z. Marks, sued out a writ of replevin in the District Court of the city of Paterson to recover the possession of a piano sold by Marks to Lulu B. Roe, the defendant-appellee. The defendant made a claim of property in the piano and gave the bond required by statute which contained the condition that she, the defendant, would deliver the piano in as good condition as the same was at the time of making the claim, to the plaintiff or his lawful representative, if the same shall be adjudged to the plaintiff, whereby under the statute she retained possession of the piano.

The plaintiff's state of demand alleged that the defendant took the said piano of the said Marks, assignor of the plaintiff, "of great value, to wit, the value of $250, and unjustly detained the same against sureties and pledges, until, &c., wherefore, the said plaintiff, assignee of S. Z. Marks, said it was injured and had sustained damages to the amount of $250." The case was tried by the court sitting without a jury.

By the agreed state of the case it appears that the plaintiff proved a contract between Marks and the defendant, Roe, for the conditional sale of the piano and an assignment thereof by Marks to the plaintiff. The contract and assignment were offered in evidence and admitted without objection. The plaintiff produced its book of account and original entries showing the payments made by the defendant to Marks, which book was offered in evidence and admitted without objection. By this book account it appeared that the defendant had paid the plaintiff, in full, the sum of $350, the price for which the piano had been sold to her by Marks, but that there was a balance of $15.95 due to the plaintiff from defendant for interest under the contract. The plaintiff sought to prove by an expert witness what would be the value per week of the use of a piano of the value of $300, which being objected to by the defendant was sustained by

the court. Plaintiff then rested. Defendant's counsel moved for a nonsuit on these grounds:

"*First.* That there was no evidence that a legal demand had been made by S. Z. Marks or the Hallet & Davis Piano Company, his assignee, upon the defendant for the exact sum still due and owing under the contract; *second,* that no notice had been given to the defendant of the assignment to Hallet & Davis Piano Company, by S. Z. Marks, of his right and interest in said contract." The court granted a nonsuit for the reasons advanced. The case shows that a demand in writing was made by the plaintiff upon the defendant for the return of the piano to the plaintiff before the commencement of the proceedings. The plaintiff's claim was that there was a default in payment and that according to the terms of the contract the plaintiff was entitled to the possession of the piano. The nonsuit can be maintained upon the substantial ground that there was no proof of any default by the defendant which entitled the plaintiff to the possession of the piano under the terms of the contract. This requires a consideration of the terms and effect of the contract entered into by the defendant with Marks. The contract provided that in consideration of the delivery of the piano to the defendant and the agreement on the part of Marks that the title to the piano shall pass to and be vested in the defendant when the last payment thereinafter provided for shall have been made, and that the defendant pay Marks or his assigns $350, as follows, to wit: Square piano and organ, $78; cash credit, $87.10, and $8 on the twenty-fifth day of each succeeding month to January 25th, 1910, until paid in full, with interest on each of said sums at the rate of six per cent. per annum from date of contract until paid.

And it was further agreed that the piano shall remain the property of the said Marks until each and every of the above amounts and interest thereon shall be paid in full.

Then follows this clause: "It is further agreed that if the said subscriber shall neglect to pay any of the above installments at maturity said Marks shall have the right to declare the remaining installments due and payable at once,

and in that case   *   *   *   the said Marks shall be at liberty to enter the dwelling-house or premises where said instrument may be and take the same into his possession, in which event it is expressly agreed that all money paid under this contract shall belong to said Marks as liquidated damages for the loss in value and for the use and hire of said instrument while remaining in the possession of the subscriber." The contract is dated December 27th, 1909. The assignment thereof is under the date of June 20th, 1912. It appeared that at the time of the signing of the contract the defendant had paid $155.90 on account of the piano, and on January 25th she paid an additional $10, which left her indebtedness to the plaintiff's assignor in the sum of $184.10, which it appears she paid off in monthly installments in various amounts not exceeding $10 and no less than $5 a month, so that on the 10th of April there seems to have been a balance due of $50, which she then paid. According to the strict terms of the contract Marks was entitled to receive $8 on the twenty-fifth of each month succeeding January 25th, 1910, until the piano was fully paid for, and if the defendant made default in the payment of any such installment he had the right to declare the remaining installments due and payable at once and to take the piano into his possession, and in that event all moneys paid under the contract were to belong to Marks as liquidated damages for the loss in value of the piano and for the use and hire of it while in the defendant's possession. But Marks did not avail himself of that right. It appears from the plaintiff's case that by common acquiescence of the parties the terms of the contract were modified. For in July and August, 1910, defendant made defaults which the defendant was permitted to make up in succeeding months. And the account shows other instances to the same effect. Marks, having failed to avail himself of the forfeiture clause by permitting the defendant to retain possession of the piano after her failure to pay the installments in the manner agreed upon and fixed by the condition in the contract, and also after she had paid all the installments, but was still owing some interest thereon,

thereby waived his right to possession of the piano. *Hutch-ings* v. *Munger,* 41 *N. Y.* 155. Nor was there any proof that any demand was made of the defendant to pay any interest. The fact that Marks instructed his clerk to mail to the defendant a statement showing the exact amount still due on the contract was no proof that the clerk had mailed any such statement.

It is self-evident that the contract between the parties contained a forfeiture involving a most drastic penalty. The law frowns upon such forfeitures. Contracts containing them will be construed most strictly against those in whose favor they are made. To lend force to the plaintiff's claim in this proceeding would result in permitting it to recover a judgment for the value of the piano and damages for its detention, which would be its rental value from the time of the default in payment of interest by the defendant to the commencement of the action. *Johnson* v. *Mason,* 35 *Vroom* 258.

The fact that the contract provided that the piano shall remain the property of Marks until each and every of the above amounts and interest (referring to the installments) shall be paid in full does not change the situation, because the right of possession of the piano by the defendant was not terminated by demand of balance due and defendant's refusal to pay. 35 *Cyc.* 673, *note* 54; 701 ¶ *c.,* and cases referred to in *notes* 37 and 38. Unless the right to the possession of the chattel exists, general ownership thereof will be of no avail to maintain an action of replevin. This rule of law is too elementary to need the citation of any authorities. The plaintiff was not entitled to maintain an action of replevin until after demand made and refusal to pay the interest, and was therefore properly nonsuited.

Judgment will be affirmed.