## In re PUBLIC OPINION PUB. CO.

District Court, D. New Jersey. April 1, 1926.

**Bankruptcy ⬅140(1¾)—Conditional seller, by instituting replevin before buyer's bankruptcy, did not forfeit right to reclaim property after adjudication.**

Seller, of personal property under conditional sale contract *held* not, by reason of instituting replevin before buyer's bankruptcy, to have forfeited right to reclaim property after adjudication, since reclamation procedure did not become available until inception of bankruptcy, and opportunity to make election was not presented until such time.

In Bankruptcy. In the matter of the bankruptcy of the Public Opinion Publishing Company. On review of the referee's order denying a petition by R. Hoe & Co., Inc., for reclamation of certain chattels, and ordering a sale thereof by the trustee. Orders set aside, and chattels ordered delivered to petitioner.

See, also, 20 F.(2d) 404.

Reed & Reynolds, of Newark, N. J., for the application.

Isaac Gross and Emanuel Weitz, both of Jersey City, N. J., opposed.

RUNYON, District Judge. On July 24, 1924, R. Hoe & Co., Inc., sold to Public Opinion Publishing Company, under a conditional bill of sale, a large line of chattels, the bill of sale containing the usual provision that title was to remain in the vendor until all purchase payments were completed. It was further provided therein that, upon default of the vendee in any of its obligations, the vendor might declare the entire balance due immediately, with a right of entry to and possession of the goods in question. The bill of sale was recorded July 25, 1924, in the Hudson county register's office, and the chattels duly forwarded to the Public Opinion Company, which made the first payment thereon in accordance with the terms of said bill of sale. No other payments being forthcoming, R. Hoe & Co., Inc., attempted to exercise its option, and declared the entire unpaid balance due and payable, making the demand of the Public Opinion Company on December 23, 1924, to surrender the chattels. This demand was refused, and thereupon R. Hoe & Co., Inc., instituted a replevin suit in the Hudson county circuit court on January 13, 1925, against the Public Opinion Company, and executed and delivered to the sheriff the requisite bond.

The Public Opinion Company re-replevined the goods in question, and, since that move, the case has been allowed to lie dormant, no effort having been made by either party to prosecute it further.

On March 19, 1925, the Public Opinion Publishing Company was adjudicated a bankrupt. R. Hoe & Co., Inc., thereupon filed with the referee a petition for reclamation of said chattels, which petition was dismissed by an order dated June 26, 1925; the referee in the meantime, and by order dated June 19, 1925, having ordered a sale of the chattels by the trustee of the bankrupt.

The referee's reason for dismissing the petition for reclamation was expressed in his findings as follows:

"The institution of the replevin proceedings, in my opinion, constituted an election. The giving of bond by the defendant under section 10 of the statute is clearly by the authority of Johnson v. Mason, 64 N. J. Law, 258, 45 A. 618, authority that the judgment in the replevin suit must be in damages for the value of the goods and the damages sustained by reason of the detention. It cannot be the goods themselves. Inasmuch as this action is now pending and involving trial by jury, which the trustee insists upon in his answer to the petition for reclamation, I shall hold that the claimant is not entitled to the goods themselves, by this reclamation proceedings, but is entitled to try out his action at law in the pending replevin suit, having recourse for the satisfaction of any judgment he may obtain to the bond. The petition will therefore be dismissed. The costs of the reclamation, will fall upon the claimant."

In other words, because of the institution of the replevin action, R. Hoe & Co., Inc., had forfeited any right to make their present claim and must be held as having made an election, and furthermore that the nature of the replevin action precludes the possibility of more than money damages to R. Hoe & Co., Inc.

With this conclusion of the referee I am unable to agree. At the time the replevin action was begun, the Public Opinion Company was a going concern and the remedy sought was the natural one to pursue under the circumstances. At any rate, there was not at that time presented to the Hoe Company any alternative proposition demanding a choice of replevin to the exclusion of reclamation. It was only with the inception of bankruptcy that the reclamation procedure became available, and it was not until that time that opportunity to make an election presented itself to R. Hoe & Co., Inc. Aside from having commenced the replevin suit, R. Hoe & Co., Inc., had done nothing which could be interpreted as binding it to any specific course of action, and the fact that the suit had proceeded not further than the rebonding of the chattels by the Public Opinion Company when the bankruptcy occurred, to my mind, left R. Hoe & Co., Inc., altogether free to adopt such remedial measures as appeared most advisable, and to determine whether the replevin action should be continued or dropped in favor of another course, reclamation, which only became a possible remedy because of the bankruptcy.

As I view the situation, there is no question that title to the chattels was in R. Hoe & Co., Inc., when the bankruptcy occurred, under the provisions of the conditional sales agreement, and that there had occurred such defaults on the part of the Public Opinion Company as under those same provisions gave the Hoe Company the right to proceed against the Public Opinion Company as it did. Had the replevin action been pursued to the end, no question of title would have been involved or determined; nothing further than a judgment for damages for wrongful holding, with a further right reserved to the Hoe Company at its option, to apply to the court for an order decreeing the delivery of the chattels themselves to the Hoe Company. Consequently the object of the reclamation proceedings is little, if any, different from that which it is to be presumed was the intended aim of the Hoe Company at the outset—the recovery of the chattels.

It is also a question as to whether the inception of the bankruptcy proceedings did not make it incumbent upon the R. Hoe & Co., Inc., outside of any matter of election, to abandon an undetermined action pending in another court and seek its relief from the court whose mandate had placed the chattels in the hands of its appointee, the trustee.

"Adverse claimants to any of the property must not resort to legal proceedings in other courts, or other methods of seizure or taking possession of property in the custody of the bankruptcy court. They must come into the bankruptcy court and make application there for a return of the property, excepting, possibly, as to property to which the trustee has failed to assert ownership; and excepting also, where the bankruptcy court has permitted the trustee or receiver to be made party in the state court." Remington on Bankruptcy (3d Ed.) vol. 5, § 2450, p. 593.

While proceedings in another court had been commenced before any idea of bankruptcy was involved, they had in no sense approached finality, and consequently a resort to this court appears to me to have been both the part of wisdom and of good practice.

The referee having based his finding herein upon the theory of election, there would seem to be the only point necessary to pass upon at this time. And a contrary opinion upon that point must result as a matter of course in disagreement with the referee concerning his order of sale. Consequently I am of the opinion that the order dismissing the petition of R. Hoe & Co., Inc., for reclamation, and the order for the sale of its chattels, must be set aside, and an order be issued effecting the delivery of the chattels herein to R. Hoe & Co., Inc.