GENERAL MOTORS ACCEPTANCE CORPORATION, RESPONDENT, v. AMERICAN SURETY COMPANY OF NEW YORK, A CORPORATION, APPELLANT.

Submitted May 15, 1931—Decided November 16, 1931.

230

──────

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *John A. Bennett.*

For the respondent, *Harry Green.*

The opinion of the court was delivered by

PARKER, J. The appellant is the surety for Capital Associates, a corporation, made defendant in an action of replevin brought by the present respondent. In that action, respondent as plaintiff gave the usual bond to the sheriff under section 6 of the Replevin act (*Comp. Stat., p.* 4369), and the sheriff seized the goods. Within the statutory twenty-four hours (section 9) the defendant, Capital Associates, claimed property and rebonded with the present appellant as surety, and the sheriff, as required by section 9, assigned that bond to the plaintiff, respondent here, which has sued, claiming a breach of the condition. Appellant answered, and the court below struck out the answer as not setting up a valid defense, and entered the judgment brought up by this appeal. The question, therefore, is as to the legal sufficiency of that answer, *i. e.,* whether it would be held good against a demurrer.

The record shows that in the replevin suit the present respondent as plaintiff prevailed on the issue of property, and thereupon had the option under section 10 of taking a judgment for the value of the goods and damages for detention, or under section 26 of taking an order for the return of the specific property. Respondent elected to take and pursue the money judgment, and accordingly took an assign-

ment of the bond and sued thereon as already stated. The money judgment is an "adjudication of the goods to the plaintiff." *Johnson* v. *Mason,* 64 *N. J. L.* 258, 261. The defendant himself has no option to return the goods in satisfaction of the judgment; that option is given to the plaintiff alone. *Field* v. *Post,* 38 *Id.* 346; *Lembeck & Betz Co.* v. *Tarrant,* 79 *Id.* 372.

But the situation of the surety is more favorable. The express condition of the bond, by section 9, is, "to deliver the said goods and chattels in as good condition as the same were at the time of making such claim, to the plaintiff * * * if the same shall be adjudged to the plaintiff." So it was held in *Johnson* v. *Mason, supra,* that in a suit on the bond against the surety "he may prove in discharge of liability that he has complied with his contract by offering to return the goods in accordance with the condition of the bond." And this, apparently, whether such offer was accepted or declined.

The defense in the present suit appears to be predicated on the language of the condition above quoted, but as we read it is very far from meeting the requirements of that language as expounded in our decisions. The answer reads as follows:

"The said Capital Associates offered to deliver to the General Motors Acceptance Corporation, the plaintiff in this case, the goods and chattels forming the subject-matter of the replevin suit, in as good condition as the same were at the time said Capital Associates made claim to said goods to the said General Motors Acceptance Corporation, if the goods were adjudged to the plaintiff, but the said General Motors Acceptance Corporation refused to accept delivery of said goods and chattels."

It should be observed that here is no offer by the surety after judgment to return the goods in proper condition, which is the right declared by *Johnson* v. *Mason, supra,* but what is pleaded is an offer by the principal—the defendant in replevin—made before judgment, and to return the goods, not presently, but "if the same were adjudged to the plain-

tiff." In other words, that defendant in replevin said to plaintiff in replevin, "if the court adjudges that you are entitled to the goods I will return them to you." But even assuming that such an offer would, if valid, enure to the benefit of the surety, it was not valid. The moment that a defendant in replevin rebonds and retakes the goods, he loses all right to return them in specie and is liable at the option of plaintiff to a money judgment. Hence, even as between the parties to the replevin suit such an offer would be no defense even if present and unconditional, let alone conditional on a recovery by the plaintiff. Moreover, as we have seen, the right of return pursuant to the condition of the bond is a right personal to the surety.

The trial court was clearly right. The principal after recaption had no right of return, absolute or conditional. The surety could itself return after judgment against the principal, and to save its own liability as surety; but nothing of the kind is pleaded.

The judgment is affirmed.