WOOD MOTOR CAR CO., A CORPORATION, PLAINTIFF-RESPONDENT, v. BANKERS INDEMNITY INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 28, 1938—Decided January 13, 1939.

For the plaintiff-respondent, *George I. Marcus* (*Leroy Vander Burgh*, of counsel).

For the defendant-appellant, *Louis Ogust*.

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the Supreme Court, Bergen county, upon a verdict rendered by a jury, in favor of the plaintiff-respondent and against the defendant-appellant. The plaintiff brought its action against the surety alone on a replevin bond which had been given in a prior suit in the same court.

The prior suit had been brought by a finance company, a New Jersey corporation, claiming under a conditional bill of sale, to recover possession of a certain automobile from the present plaintiff company, which based its claim to possession upon a garage keeper's lien and a sale thereunder.

The replevin bond which the finance company provided as principal and upon which the present defendant was surety, contained the provision that if the finance company "shall prosecute the said cause with effect and without delay and shall duly return the said goods and chattels, in case a return shall be awarded, then this obligation to be void; otherwise to remain in full force and virtue."

The jury in the prior suit returned a verdict against the finance company and in favor of the present plaintiff of "no cause of action." Inasmuch as the finance company had resold the automobile prior to determination of the replevin

suit, the plaintiff proceeded upon the bond and brought this present action against the defendant, surety thereon.

From the very beginning of these proceedings and as the main grounds of its present appeal, the defendant has urged two contentions to defeat the plaintiff's right to recovery upon the bond. First, the defendant contends that, the obligation on the bond being joint, the failure of the plaintiff to join the finance company in this suit, is a fatal non-joinder of parties. Second, the defendant contends that the verdict, and judgment entered thereon, by the jury in the prior suit of "no cause of action" does not constitute an award of a return of the automobile and therefore no liability arises under the conditions of the bond.

Unfortunately for both of the defendant's contentions there are decisions of this court to the contrary.

In *Fort Wayne Electric Corp.* v. *Security Trust and Safe Deposit Co.*, 65 N. J. L. 221; 47 Atl. Rep. 559, and in *Hazam* v. *United States Fidelity and Guaranty Co.*, 109 N. J. L. 434, the right of the obligee or his assignee to bring suit upon a replevin bond against the surety alone was not questioned. And rightly so, for just as the court in *Stulz-Sickles Co.* v. *Fredburn Construction Corp.*, 114 N. J. Eq. 475, held that "the right of a creditor to maintain an action against the principal exists independently of his right against the surety," so the converse of this ruling is true, that a creditor suing on a bond such as the one here involved may maintain an action against the surety independently of his right against the principal.

As to defendant's second contention, a similar argument was made unsuccessfully in this court in *Kaufman* v. *De Cozen Motor Co.*, 119 N. J. L. 514; 197 Atl. Rep. 27. In that cause the jury likewise returned a verdict of "no cause of action" and the court held that such gave rise to a cause of action upon a replevin bond containing conditions identical with the conditions of the bond now sued upon.

Though the verdict of "no cause of action" is perhaps not within the technical phraseology of the condition of the bond, its effect is certainly the same contemplated by such con-

dition, especially in the instant case where the finance company had sold the automobile long before the rendition of such verdict and had thus placed it beyond its power to return the car to the present plaintiff. It is the effect of the verdict under the circumstances and not its technical phraseology which controls. *Johnson* v. *Mason,* 64 *N. J. L.* 258; 45 *Atl. Rep.* 619.

It is further contended by the appellant that the plaintiff was under a duty to prove ownership, or some special property in the automobile, and that it was error for the trial court to exclude from evidence the offer of a conditional bill of sale and promissory note which would tend to demonstrate that the plaintiff was not the owner of the automobile.

We do not think so.

While replevin is primarily a possessory action and judgment in such action ordinarily determines nothing beyond the right of possession of goods, however, the issue of ownership was raised in the replevin suit and determined in favor of the present plaintiff. Such a determination is binding on the defendant in the present suit (54 *C. J.* 654), and defendant's offer was therefore properly rejected.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.