84 N.J. Super. 502 (1964)
202 A.2d 717
GENERAL MOTORS ACCEPTANCE CORPORATION, A CORPORATION, PLAINTIFF,
v.
RICHARD A. LOWE AND CATHERINE R. LOWE, DEFENDANTS.
Superior Court of New Jersey, Essex County Court.
Argued May 22, 1964.
Decided July 10, 1964.
*503 Mr. Louis Chivian appeared for the plaintiff (Messrs. Chivian & Chivian, attorneys).
Mr. Paul T. Murphy appeared for the defendants (Messrs. Crummy, Gibbons & O'Neill, attorneys).
LABRECQUE, J.S.C.
This is an action in replevin. The defendant Richard A. Lowe was sued as the conditional vendee of a 1962 Buick Sport Coupe. The complaint alleged failure to make the monthly payments called for by a conditional *504 sales contract dated August 15, 1962, by reason of which the entire balance of $3,259.34 was due and owing. Upon the filing of the requisite bond by the plaintiff, the Sheriff of Essex County took possession of the automobile. The defendants thereupon filed a claim of property and tendered the redelivery bond here involved. The car was thereupon released by the Sheriff to the defendants.
No answer to the complaint having been filed, judgment by default was entered against defendant Richard A. Lowe on the 8th day of April 1964. The car was never returned. Plaintiff thereupon obtained the present order to show cause why the National Surety Corporation, as surety on the redelivery bond, should not pay to the plaintiff the amount of the judgment.
The complaint was in the usual form. It sought judgment for possession or, alternatively, judgment for the value of the automobile, plus damages for its unlawful detention and costs. By the judgment, the plaintiff was found to be the owner of the automobile and the judgment was for $2,000, which was determined to be its value.
The bond provides that if the obligors thereon "shall duly return the said goods and chattels in case a return shall be awarded, then this obligation to be void, otherwise to remain in full force and virtue." The applicable provisions of N.J.S. 2A:59-6 provide that the redelivery bond shall be "conditioned for the due delivery of such goods and chattels to the plaintiff, or his legal representatives, in as good condition as they were at the time of making such claim, if they shall be awarded to the plaintiff." While it was conceded at the argument of the motion that the bond in question was a redelivery bond conforming to the requirements of N.J.S. 2A:59-6, it is apparent that it was prepared on the surety's form for a replevin bond by a plaintiff and contains wording prescribed by N.J.S. 2A:59-5.
The first contention of the surety is that any action on the bond in question was required to be commenced by a plenary *505 suit rather than in the manner followed here. But this argument loses sight of the provisions of R.R. 4:118-6(b) to the effect, substantially, that as a prerequisite to approval of a bond of the type here involved, it was required that the surety submit itself to the jurisdiction of the court, appoint the clerk of the court as its agent for service of process and consent that its liability on the bond might be enforced on motion without the necessity of an independent action. The present bond complied with this requirement and hence plaintiff's motion is properly made.
The surety next contends that it is not liable since the judgment of the court did not award the return of the automobile to the plaintiff. It argues that at the time of the entry of judgment, the plaintiff was required to make a choice as to whether it desired the return of the automobile or a money judgment for its value. It having elected to receive a money judgment, there was no obligation to return the car.
N.J.S. 2A:59-9 provides that, when defendant has made a claim of property:
"If plaintiff in replevin recovers, the value of the goods and chattels as well as the damages of plaintiff shall be found, and plaintiff shall have judgment thereon in damages as well for the value of the goods and chattels as for taking and detaining them. Upon such judgment, plaintiff, in addition to his remedy on the redelivery bond, may have execution against the defendant in replevin." (Emphasis added)
R.R. 4:78-4 provides that, in such case:
"(a) * * * If the plaintiff in replevin recovers the value of the goods and chattels as well as the damages of the plaintiff in replevin shall be found, and the plaintiff in replevin shall have judgment thereon in damages as well for the value of the goods and chattels as for taking and detaining them. Upon such judgment, the plaintiff in replevin, in addition to his remedy on the redelivery bond or cash deposit, may have execution against the defendant in replevin." (Emphasis added)
And further:
"(b) * * * [I]f the goods and chattels have been delivered * * * to the defendent * * * the plaintiff * * * instead of *506 enforcing his judgment for his damages or pursuing his remedy on the redelivery bond * * * may apply to the court * * * and the court may make an order directing the sheriff or other officer to take possession of the goods and chattels and deliver them to the plaintiff in replevin." (Emphasis added)
The rule is well settled that, upon the return of a chattel to the defendant in replevin, following the filing of a claim of property and a redelivery bond, the defendant no longer has the option of returning the article replevined in the event of an adverse verdict. Lembeck & Betz Brewing Co. v. Tarrant, 79 N.J.L. 372 (Sup. Ct. 1910). See also Williamson v. N.J. Southern R.R. Co., 29 N.J. Eq. 311, 321-322 (E. & A. 1878). The action becomes, in effect, a suit upon the bond. Baron v. Peoples National Bank of Secaucus, 9 N.J. 249, 257 (1952). However, while the defendant may not avoid his liability by offering to return the article, the rule as to the surety has been held to be somewhat different. Its obligation being a purely contractual one, it has been held that in an action on the bond it has the right to show performance of the condition of the bond in defense of its liability. Johnson v. Mason, 64 N.J.L. 258 (E. & A. 1900). Thus the liability of the present surety is dependent upon whether plaintiff has established that there was a breach of the condition of its bond. It is conceded that the automobile in question has not been returned to the plaintiff, nor has there been any tender of its return. The sole question remaining, therefore, is whether there was an obligation to return it to the plaintiff.
The court is satisfied that the judgment entered on April 9, 1964 called for the return of the automobile to the plaintiff and that the failure to return it or to tender its return, constituted a breach of the condition of the bond. The form of the judgment was prescribed by the statute and the rules. N.J.S. 2A:59-9, R.R. 4:78-4(a) and (b); Johnson v. Mason, supra. In its judgment the court found that plaintiff was "the owner of" the automobile, and awarded damages *507 of $2,000, representing its value. A specific direction that it be returned was unnecessary. Such a requirement would render useless and nugatory the cumulative remedy of suit on the redelivery bond provided for in N.J.S. 2A:59-9. Johnson v. Mason, supra (64 N.J.L., at p. 261). Both the statute and the rule provide for an order for possession, at plaintiff's sole option, instead of, rather than in pursuance of, his remedy on the redelivery bond. N.J.S. 2A:59-13; R.R. 4:78-4(b). The judgment amounted to an award of the automobile to the plaintiff. General Motors Acceptance Corp. v. American, etc. of New York, 108 N.J.L. 229 (Sup. Ct. 1931).
The applicability of the court's holding in General Motors Acceptance Corp. v. American, etc. of New York, is not impaired by the fact that the statute then in effect provided for a return if they (the goods and chattels replevined) "shall be adjudged to the plaintiff" while N.J.S. 2A:59-6 currently provides for a return if they "shall be awarded." Nor does the fact that the present bond follows the usual form of a plaintiff's replevin bond and contains the phrase "if a return shall be awarded" alter the rule applicable. On the contrary, even in such case, a formal order for the return of the chattel would not be a prerequisite to suit on the bond. Kaufman v. DeCoren Motor Co., 119 N.J.L. 514 (E. & A. 1937); Wood Motor Car Co. v. Bankers Indemnity Insurance Co., 122 N.J.L. 87 (E. & A. 1938).
Since no tender of delivery was made, it is unnecessary to determine how soon after the entry of judgment a surety would be precluded from tendering a return of the chattel in extinguishment of its liability.
By reason of the foregoing, the plaintiff is entitled to judgment against the National Surety Corporation, as surety, for the amount of the judgment entered against its principal, Lowe. Upon payment of the judgment it, of course, would become entitled to its remedy against him. An appropriate order, consented to as to form, may be submitted or the form thereof may be settled upon notice.