GEORGE E. KAUFMAN, PLAINTIFF-APPELLEE, v. DE COZEN MOTOR COMPANY, A BODY CORPORATE OF THE STATE OF NEW JERSEY, AND FIDELITY AND CASUALTY COMPANY OF NEW YORK, A BODY CORPORATE OF THE STATE OF NEW YORK, DEFENDANTS-APPELLANTS.

Submitted October 29, 1937—Decided January 26, 1938.

For the defendants-appellants, *Edward R. McGlynn*.

For the plaintiff-appellee, *Parson, LaBrecque & Borden* (*Theodore J. LaBrecque*).

The opinion of the court was delivered by

BODINE, J. This action was upon a replevin bond. The plaintiff had judgment and the defendant appeals. In February of 1932, plaintiff purchased from the Keyport Auto Sales Company, Incorporated, a Chrysler sedan. A substantial down payment was made and a conditional sales contract was entered into for the balance of the purchase price. After plaintiff had paid in excess of a thousand dollars, he received notice on May 19th, 1932, that the DeCozen Motor Company claimed to be the owner of the car. It caused a writ of replevin to be issued executing the bond in suit, conditioned to return the car should the trial of the replevin suit turn out adversely to its claim. The plaintiff declining to make further payments to the Finance Company, his title being disputed, that company took possession of the car by an arrangement with the defendant, indemnifying the latter.

At the trial of the replevin suit defended by the plaintiff here, the jury returned a verdict of no cause of action. This judgment was appealed to the Supreme Court and was there affirmed. *DeCozen Motor Co.* v. *Kaufman,* 113 *N. J. L.* 343.

At the trial of the present suit, the defense interposed was that the plaintiff was entitled to recover no damages, inasmuch as the loss of possession was due to his voluntary

default in the terms of his conditional sales contract and the seizure under the replevin writ was not the cause of his loss. At the trial of the replevin suit, the only question was the right of the defendant to the possession of the automobile. It was found that it was not entitled to possession. The direction to the sheriff to surrender the car to the Finance Company was irregular. The defendant having disturbed by the replevin action the plaintiff's possession upon its inability to comply with the condition of its bond was subject to the present action wherein the plaintiff had judgment for the value of his special property in the car taken by the writ wrongfully issued at the suit of the defendant.

The case of *DeCozen Motor Co.* v. *Kaufman, supra,* settled the fact that Kaufman was a purchaser within the meaning of section 9 of the Conditional Sales act. *Pamph. L.* 1919 (at *pp.* 463, 464).

When the judment was in plaintiff's favor in the replevin action he was entitled to sue upon the bond. *Johnson* v. *Mason,* 64 *N. J. L.* 258. Failure to make return in accordance with the obligation of the bond constituted a breach of that instrument and entitled the plaintiff to recover damages for the loss sustained. *Hazan* v. *United States Fidelity and Guaranty Co.,* 109 *Id.* 434.

The surrender of the automobile to the Finance Company, separate and apart from the replevin proceeding, in no way terminated the liability upon the bond. Other arguments made by the appellant for reversal have been considered but have no merit.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.