JACK KLIVAN, PLAINTIFF-APPELLANT, v. ISADORE MAR-
GOLIS, DEFENDANT-APPELLEE.

Submitted October 4, 1938—Decided December 20, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Peter Cohn.*

For the appellee, *Saul M. Mann.*

The opinion of the court was delivered by

PERSKIE, J.   This is an action upon a replevin bond.
Plaintiff appeals from a judgment in favor of the defendant
rendered by the judge of the First District Court of the city
of Paterson, sitting without a jury.   From a stipulation of
facts and from the record as submitted we learn that on
October 25th, 1927, the present plaintiff obtained a judgment
against one Morris Jacobowitz in the Clifton District Court.
Some nine and one-half years later, on May 27th, 1936, an
execution was issued on that judgment, directing the sergeant-
at-arms of the said court to levy upon and seize a certain
Chevrolet truck allegedly belonging to the judgment debtor.
This the sergeant-at-arms did.   A short time thereafter, on
June 1st, 1936, one Ida Schwartz instituted an action of
replevin against the present plaintiff in the First District
Court of the city of Paterson for the purpose of obtaining
possession of the aforementioned truck.   The present defend-
ant was the surety on the bond posted by the said Ida
Schwartz in that replevin suit.   Pursuant to that bond, the

constable of the Paterson District Court took the truck and retained it for twenty-four hours. Within that time the present plaintiff delivered to the constable a written claim of property to the truck and duly rebonded it as provided by statute. See *R. S.* 2:32-291. The replevin suit came on for trial and on July 24th, 1936, a judgment for possession was entered in favor of Ida Schwartz, who then took the truck. Two weeks later, on August 6th, 1936, the present plaintiff obtained a rule to show cause why a judgment for possession in his favor rather than in favor of Ida Schwartz should not be entered. An order enjoining the transfer of the truck pending the determination of that rule to show cause was allowed. On December 21st, 1936, the District Court judge made the rule to show cause absolute upon the ground that "the judgment heretofore rendered in favor of the plaintiff [Ida Schwartz] was erroneously and inadvertently entered." The present plaintiff was awarded a judgment for possession. It subsequently appeared that Ida Schwartz had left the jurisdiction of the state and had disposed of the truck. Accordingly plaintiff here obtained a judgment for the value thereof ($300) plus costs. Thereafter a demand was made upon defendant here for the delivery of the truck or the satisfaction of the judgment for the value thereof. That demand was refused, and this suit was commenced culminating, as already indicated, in a judgment for the defendant. Plaintiff appeals.

The bond upon which liability was sought to be imposed upon defendant conformed with the requirements imposed by statute. See *R. S.* 2:32-285. The obligors are Ida Schwartz and the present defendant. The obligee is Angelo Gamabatese, a constable of Passaic county, and the officer who executed the writ of replevin. The bond recited that the replevin suit was to be instituted and contained the following clause:

"* * * if the said Ida Schwartz shall prosecute the said cause with effect and without delay and deliver the said goods and chattels in case a return shall be awarded then this obligation to be void (*sic*), otherwise to remain in full force and virtue."

Plaintiff argues that since the conditions of the bond were not fulfilled in that Ida Schwartz did not deliver the truck when the ultimate return was made in his favor, the contingent liability of the defendant as surety ripened into a fixed liability. Defendant, on the other hand, does not question the fact that the conditions of the bond were not fulfilled. His defense is that since plaintiff here rebonded the truck in the original replevin suit, that rebond absolved him as surety. He urges that he was only to become liable upon his bond in the event that the truck was delivered to his co-obligor, Ida Schwartz, and that since plaintiff filed his claim of property and his rebond, there never was a delivery to Ida Schwartz.

We find no merit in defendant's insistment. For, in the first place, the parties have stipulated that Ida Schwartz did get possession of the truck. It is true that she obtained that possession pursuant to the original judgment in her favor. Nonetheless she did have possession and failed to return the truck when judgment was ultimately rendered against her. Secondly, we do not think that by his rebond plaintiff absolved defendant from his liability as surety. The filing of a bond and a rebond in a replevin suit, while a corrollary to such a proceeding, is definitely not a part thereof. The replevin suit determines the ultimate possessory rights of the parties. The posting of the bond is for the purpose of preserving the status of the chattel sought to be replevied. The mere fact that by the bond and rebond the plaintiff, defendant, or constable holds the chattel is not conclusive or even presumptive of the rights of the parties to the chattel. The surrender of the chattel, no matter to whom, prior to the ultimate adjudication upon the merits, does not terminate the liability upon the bond. *Kauffman* v. *DeCozen Motor Co.* (*Court of Errors and Appeals*), 119 *N. J. L.* 514; 197 *Atl. Rep.* 27. Plaintiff's possession of the truck was disturbed by the replevin suit. That suit having terminated in his favor, he was entitled to bring suit on the bond. *Johnson* v. *Mason* (*Court of Errors and Appeals*), 64 *N. J. L.* 258; 45 *Atl. Rep.* 618.

Accordingly the judgment is reversed, with directions that judgment be entered in favor of the plaintiff, with costs.