JACK KLIVAN, PLAINTIFF-APPELLEE, v. ISADORE MARGOLIS, DEFENDANT-APPELLANT.

Argued May 16th, 1939—Decided October 16, 1939.

360

For the plaintiff-appellee, *Peter Cohn.*

For the defendant-appellant, *Saul M. Mann.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of the Supreme Court. The question is whether appellant, Margolis, a surety on a replevin bond, is liable to the respondent, Klivan, under the circumstances here exhibited. It appears from the record and the facts stipulated that Jack Klivan, a judgment creditor of Morris Jacobwitz, caused execution to be issued against a certain automobile truck of the latter. Thereafter one Ida Schwartz, claiming property in and title to the chattel, began an action in replevin against the judgment creditor, Klivan, for the said truck. A replevin bond to obtain possession of the chattel was delivered by her to the constable. Margolis was surety on this bond. The constable took the truck into his possession but within the twenty-four hour period, during which the chattel is retained in custody of the constable as the statute ordains (*R. S.* 2:32-291), the respondent, Klivan, having made a written claim of property, gave the constable a "re-delivery bond," thus enabling him to have the chattel in his possession pending the replevin action. On the trial of the cause judgment for possession was awarded Ida Schwartz, and Klivan delivered the truck to her. Two weeks later the court allowed an order

to show cause why a new trial should not be granted. More than four months later the rule was made absolute and the court later reversed its judgment and awarded judgment for possession to Klivan. In the meanwhile, Ida Schwartz left the state and disposed of the truck. Then Klivan instituted the suit now before us against Margolis as surety on Schwartz's replevin bond. That suit was tried in the District Court of Paterson and the court found for the defendant, concluding, we assume, that the bond was not breached. Klivan appealed and the Supreme Court reversed the trial court, holding that the condition of the bond was breached because the chattel was not turned over to the person who prevailed by the ultimate judgment, relying on the decision of this court in *Kaufman* v. *DeCozen Motor Co.,* 119 *N. J. L.* 515; 197 *Atl. Rep.* 27. Our view is that the DeCozen case is not applicable. Schwartz, who sought to possess the chattel in the original replevin suit, posted a bond with Margolis as surety, conditioned in the words of the statute (*R. S.* 2 :32-285) to "* * * prosecute the said cause with effect and without delay, and for returning the goods and chattels if a return shall be awarded," &c. The obvious purpose of the statute, *supra,* requiring a bond with these stated conditions is to prevent a plaintiff in replevin from obtaining possession of a chattel and then, by delaying the trial, keep his adversary out of its possession for an unreasonable time, and further, to guarantee that the chattel be returned to the person to whom the court awards it. But in the replevin case the plaintiff Schwartz never got possession of the chattel pending the trial since a re-delivery bond was posted by Klivan. The purpose of the bond signed by Margolis was to effect delivery of the chattel to Schwartz prior to the trial of the action and this purpose was never accomplished; and when Schwartz finally took the chattel it was done by virtue of the court's judgment awarding possession to her. A surety on a bond is liable according to the conditions stated in the bond. Not having taken the chattel under the so-called Margolis bond, no consequent obligation emerges on his part. It is conceded that Schwartz obtained the truck under the court's judgment in the replevin action; and, that being so, it follows that she

did not get it by virtue of the Margolis bond. A replevin bond is to be construed as any other contractual obligation. Therefore, since Schwartz took nothing at any time, in reliance upon the bond, no condition of the bond was breached.

The judgment under review should be reversed, and the judgment in favor of Margolis reinstated, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.